LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA  94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorney for Plaintiff,
DENNIS HERRICK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HERRICK, | Case No.: 3:14-cv-00961 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS |
| v. | **JURY TRIAL DEMANDED** |
| CITY OF SAN BRUNO, CITY OF SAN BRUNO POLICE DEPARTMENT, NEIL TELFORD, in his capacity as Chief of Police of the City of San Bruno Police Department, RYAN JOHANSEN (#17), individually and in his capacity as a Police Officer for the City of San Bruno Police Department, REALYVASQUEZ (#22) , individually and in his capacity as a Police Officer for the City of San Bruno Police Department, M. PERENCIN (#29) , individually and in his capacity as a Police Officer for the City of San Bruno Police Department, HARPER (#25) , individually and in his capacity as a Police Officer for the City of San Bruno Police Department, and DOES 1 – 200, jointly and severally, | 1. 42 U.S.C. §1983 – Civil Rights Violations<br>2. 42 U.S.C. §1983 – *Monell* – Civil Rights Violations<br>3. 42 U.S.C. §1983 – Unlawful Customs, Policies, Habits, or Procedures<br>4. CA Constitution, Article I, §13<br>5. CA Civil Code §52.1(b) – Civil Rights Violations<br>6. Assault<br>7. Battery<br>8. False Arrest<br>9. False Imprisonment<br>10. Intentional Infliction of Emotional Distress<br>11. Negligence<br>12. 42 U.S.C. §1983 – Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline<br>13. Conspiracy<br>14. Injunctive Relief and Declaratory Relief |
| Defendants. | |

///
///
///

COMPLAINT FOR DAMAGES                                    - 1 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

Plaintiff, by and through his attorney, Panos Lagos, Esq., the Law Offices for Panos Lagos, for his Complaint against Defendants, states the following:

## JURISDICTION

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988. This action is brought pursuant to the First and Fourth Amendments to the United States Constitution, Article I, §13 of the California Constitution, and the laws of the State of California.

2.     Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under state law.

3.     Venue is proper, pursuant to 28 U.S.C. §1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.     Plaintiff, Dennis Herrick (hereinafter referred to as "Plaintiff"), is, and at all times herein mentioned was, a citizen of the United States and a resident of the City of Millbrae.

5.     Defendant City of San Bruno (hereinafter referred to as "CITY") is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and the City of San Bruno Police Department (hereinafter referred to as "DEPARTMENT") is a duly organized agency of the CITY. (These two defendants may also hereinafter be referred to jointly as the "CITY".)

6.     At all times mentioned herein, Defendant Neil Telford (hereinafter referred to as "TELFORD") was the Chief of Police of the CITY and was acting within the course and scope of his office and is sued in his official capacity as the final policymaker charged with the actions of the officers of the DEPARTMENT.

7.     At all times mentioned herein, Defendants Ryan Johansen (hereinafter referred to as "JOHANSEN"), Realyvasquez (hereinafter referred to as "REALYVASQUEZ"), M. Perencin (hereinafter referred to as "PERENCIN"), Harper (hereinafter referred to as "HARPER"), and

Does 1 to 200 were employed as police officers for the CITY. Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 are sued individually, and in their capacities as police officers for Defendant CITY. By engaging in the conduct described herein, Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 acted under color of law and in the course and scope of their employment for Defendant CITY. By engaging in the conduct described herein, Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 exceeded the authority vested in them as police officers under the United States Constitution and as law enforcement employees of the CITY. At all times mentioned herein, Does 101 to 200 were employed as supervisory personnel in the DEPARTMENT. Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the DEPARTMENT. By engaging in the conduct described herein, Does 101 to 200 acted under color of law and in the course and scope of their employment for Defendant CITY.

8. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the true names and capacities of Defendants Does 1 through 200, inclusive, when they have been ascertained.

9. At all times herein mentioned, each Doe Defendant was the agent or employee of Defendants CITY and TELFORD, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendants CITY, TELFORD, JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER.

10. The acts and omissions of all Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the DEPARTMENT or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, in lieu of polices, practices, and procedures that should have been in place. Plaintiff has

COMPLAINT FOR DAMAGES                                                              - 3 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

1    complied with Government Code section 910 et seq. and this action was thereafter timely filed

2    within all applicable statutes of limitation.

3        11.    This Complaint may be pled in the alternative, pursuant to Rule 8(d)(2) of the

4    Federal Rules of Civil Procedure.

5                              **STATEMENT OF FACTS**

6        12.    Plaintiff, a resident of Millbrae, California, was, on May 10, 2013, working as the

7    property manager of a multiple unit residential apartment complex located at 1125 Cherry

8    Avenue in San Bruno, California.  Having received a report of gunfire and a person screaming

9    for help, Plaintiff advised his staff to call 9-1-1 and immediately responded to the garage area

10   under the building located 109 Piccadilly Place where the screams for help were then emanating.

11   While in the garage and finding a man apparently suffering from gunshot wounds to his back

12   with two other men attending to the man, Plaintiff rendered assistance while awaiting the arrival

13   of police.  Having instructed his security officer to station himself at the entrance of the garage

14   so as to direct the first responders to the scene, when Defendants arrived, they summarily

15   ordered the security officer away from the scene, proceeded to enter the subject garage area with

16   weapons drawn.  Plaintiff, dressed in Levis, shirt and tie, having identified himself and his

17   position, that the shooter had fled the scene and that he had already contacted the shooting

18   victim, was standing in the middle of the driveway of the garage pointing, with both hands, to the

19   shooting victim who was lying on the ground, was, at gunpoint, ordered to lie on the garage floor

20   in face-down fashion by Defendants.  Not complying with Defendants' order, the order was

21   repeated with the additional unnecessary threat that, if Plaintiff didn't do so, Defendants would

22   **shoot** him.  At that point, Plaintiff, in disgust, told the Defendants, "Then fucking shoot me".

23   Defendants proceeded to throw Plaintiff onto the garage floor, needlessly and repeatedly kick

24   **and** tase him with **no physical resistance** by Plaintiff **at any time**.

25       Plaintiff was arrested and initially charged with the violation of California Penal Code

26   §148(a)(1) (willfully resisting, delaying, or obstructing a peace officer).  **After** formally

27   complaining to all Defendants regarding these individually-named police officers' abuse of

28   authority, Plaintiff was **additionally** charged with three counts of violation of California Penal

COMPLAINT FOR DAMAGES                                              - 4 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

Code §241(a) (assault).

Defendants deliberately, knowingly, and, in retaliation, not only for Plaintiff's exercise of his right of free speech, but also, to cover up their own wrongdoing consisting of their abuse of authority in assaulting and battering Plaintiff, further integrally participated in falsely presenting the facts, events and circumstances which occurred on May 10, 2013, in a material way, to the San Mateo County District Attorney's Office which filed criminal proceedings against Plaintiff on June 17, 2013 relying upon the aforementioned misrepresentations. Upon information and belief, Plaintiff alleges that Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 did so further abuse their oaths for the purpose of covering up their own criminal acts including, but not limited to, the violation of the following California Penal Code sections:

                Penal Code §118.1 – Peace officers; false report

                Penal Code §134 – Preparing false documentary evidence

                Penal Code §139 – Threat to use force or violence upon witnesses, victims, or their immediate families; punishment

                Penal Code §149 – Officer unnecessarily assaulting or beating any person; punishment

Those misrepresentations include, but are not limited to, claiming Plaintiff was refusing to follow Defendants' orders with his hands in his pockets, was not motioning towards Defendants or saying anything, claiming that Plaintiff began violently pulling away from Defendants' efforts to place him on the ground, that Plaintiff violently resisted Defendants' efforts, that Plaintiff was swinging his hands at Defendants, that Plaintiff was fighting with officers, that Plaintiff's arms were flailing violently, that Plaintiff got onto his knees but refused to go further down onto his stomach, that Plaintiff was warned prior to his tasing, that after the first five second activation of the taser, Plaintiff immediately began fighting again, that Plaintiff reached his hands towards his waistband, that Plaintiff grabbed an officer's left ankle with both arms, and that Plaintiff appeared to be or was under the influence of alcohol.

///

13.     Although Plaintiff disobeyed Defendants' initial order to get face-down on the garage floor, **at no time**, did Plaintiff **physically** resist, threaten, batter or assault any Defendant prior to being unlawfully assaulted and arrested on May 10, 2013.  No other orders were disobeyed by Plaintiff.

14.     Plaintiff was excessively, unlawfully, and unnecessarily assaulted, battered and arrested, through threats and/or coercion and/or intimidation by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 for no excusable, just, or lawful reason and in violation of and/or in retaliation for the exercise of Plaintiff's civil rights under the laws of the Constitutions of the United States and the State of California including the First Amendment of the United States Constitution.  These violations were committed as a result of the policies and customs of the CITY and the DEPARTMENT that were allowed, accepted and promoted by TELFORD and which constituted a deliberate indifference to the foreseeable constitutional consequences as stated and exemplified by Plaintiff's incident heretofore alleged. Plaintiff suffered physical and mental/emotional injuries, pain and suffering and medical expenses.

15.     Plaintiff was the subject of a knowingly false, meritless and retaliatory criminal prosecution based on deliberately-fabricated "evidence" by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER, who agreed to do so to retaliate against Plaintiff for the exercise of his right to freedom of speech in addressing the officers with profane language, to formally complain about the Defendant officers' conduct, **and** to cover-up their own wrongdoing and abuse of their authority.  As of the filing of the instant Complaint, that prosecution has yet to conclude.[1]

16.     At all times herein mentioned, TELFORD and Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 were acting within the course and scope of their employment with the CITY and were acting under color of law.

///

---

[1] Plaintiff will seek leave to amend this Complaint, given the requisite successful termination of the pending criminal proceeding, to allege the further unconstitutional denial of his due process right under the Fourth Amendment to a fair trial, also referred to as Malicious Prosecution.

COMPLAINT FOR DAMAGES                                                                          - 6 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

# FIRST CLAIM

## (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER)

17.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

18.     In doing the acts complained of, Defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from the use of excessive force, which is guaranteed by the Fourth Amendment to the United States Constitution;

b.     The right to be free of unreasonable searches and seizures, and unlawful arrest and imprisonment, also protected by the Fourth Amendment to the United States Constitution;

c.     The right to freedom of speech protected by the First Amendment to the United States Constitution;

d.     The right not to be deprived of personal liberty without due process of law under the Fourth Amendment.

19.     Defendants acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiff's rights.  Plaintiff is entitled to exemplary or punitive damages according to proof.

20.     As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as herein set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SECOND CLAIM

## (Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell)*

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, TELFORD, CITY, and Does 1 to 200)

21.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

22.     Defendants CITY, TELFORD, and Does 1 to 200, by and through their supervisory officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of similar ongoing constitutional violations, practices and acts by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200, and other City police officers, consisting of the use of unnecessary and excessive force against citizens, violations of citizens' First Amendment rights, fabrication of incident reports, wrongful seizures and false arrests of citizens, and other criminal offenses reflecting gross abuse of authority.  Specifically, arresting citizens without probable cause such as in the case of Plaintiff, arresting and/or presenting knowingly false criminal charges against citizens in violation of and in retaliation for the exercise of their First Amendment rights or other unlawful motivation(s), and inflicting cruel and unusual punishment against citizens such as is the case with Plaintiff and as set forth above.  Defendants CITY and TELFORD have been aware of prior similar acts of misconduct by its officers including, but not limited to, JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER. Notwithstanding said notice, Defendants CITY, TELFORD, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 and other City police officers including, but not limited to, failing to discipline or adequately discipline miscreant officers. This lack of adequate supervisorial response by CITY, TELFORD, and Does 101 to 200 demonstrates ratification of the Defendant police officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued violation of civil rights of citizens by CITY police officers in the manner alleged in this Complaint.

Defendant TELFORD failed to train and/or sufficiently officers so that the risks posed by the officers' wrongful acts were not abated. Defendant TELFORD implemented policies that made the harm to the Plaintiff substantially certain to occur.

Defendants CITY and TELFORD abused the criminal process for illegitimate ends by "encouraging" the increase of criminal charges against victims of the individual officers' conduct

COMPLAINT FOR DAMAGES                                                        - 8 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

not in order to see the ends of justice served or to secure a conviction on the increased charges but in order to improve its position in defense of any civil rights claims brought by victims of its individual officers' wrongful conduct and/or to leverage negotiations in the pending criminal proceedings so as to obtain a plea to a lesser charge. These Defendants' municipal custom of causing criminal proceedings such as has been alleged in this Complaint is not with the desire to see the ends of justice served but with the aforementioned improper motive(s).

23. The acts of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200, as alleged herein, are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CITY, TELFORD, and Does 101 to 200, to violations of the constitutional rights of citizens by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200, and other members of the DEPARTMENT. Defendants CITY, TELFORD, and Does 101 to 200 have taken no action to stop the false/alleged arrests or the use of excessive force and the free speech violations as is the case with the Plaintiff, as set forth above. Plaintiff's injuries and damages were foreseeable and were the proximate result of the deliberate indifference of the CITY, TELFORD, and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM

### (42 U.S.C. §1983 – Unlawful Customs, Policies, Habits, or Procedures)
### (Against Defendant CITY, TELFORD, and Does 1 to 200)

24. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

25. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the DEPARTMENT, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY and/or the DEPARTMENT and/or TELFORD:

///

a.      Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or

b.      Failing to institute, maintain, or effectively administer an appropriate training and/or retraining regimen on subjects such as free speech rights and/or seizures of citizens and/or the use of force; and/or

c.      "Hurt a person – charge a person," pursuant to which if an officer wrongly hurts a person, the officer will seek/recommend (to the local District Attorney) the **filing** of a criminal charge against the person; the officer seeks the filing of such charges with the belief that a conviction will prevent the person from suing for their injuries that were wrongfully inflicted by the officer.  Tolerating or condoning "hurt a person – charge a person" encourages officers to use excessive force or otherwise violate citizens' rights, to otherwise intimidate the victim-citizen and/or to cover up their own abuse of authority; and/or

d.      Using the criminal process for illegitimate ends by **increasing** the criminal charges against victims of the individual officers' conduct not in order to see the ends of justice served or to secure a conviction on the increased charges but in order to improve its position in defense of any civil rights claims brought by victims of its individual officers' wrongful conduct and/or to leverage negotiations in the pending criminal proceedings so as to obtain a plea to a lesser charge.  These Defendants' municipal custom of causing criminal proceedings such as has been alleged in this Complaint is not with the desire to see the ends of justice served but with the aforementioned improper motive(s).

26.      In the alternative, upon information and belief, Defendant CITY, DEPARTMENT and/or TELFORD may have instituted policies or training addressing some or all the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

27.      The above-described customs, policies, practices, and/or procedures of the CITY, DEPARTMENT and/or TELFORD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

28.     As a proximate result of the foregoing customs, polices, practices, and/or procedures of the CITY, DEPARTMENT and/or TELFORD, or the lack, or inadequacy, thereof, Plaintiff sustained injuries and damages as set forth above, in ¶14.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.  Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendants' unlawful policies and practices. Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendant CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM

### (CA Constitution, Article I, §13)

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, and Does 1 to 200)

29.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

30.     The seizure of Plaintiff, in addition to the use of unreasonable and/or excessive force against Plaintiff, violated Plaintiff's rights under the California Constitution, Article I, §13, thereby entitling Plaintiff to damages.

31.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶14.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

32.     Defendant CITY is liable under California Government Code §815.2 for the violations of Plaintiff's rights under the California Constitution, Article I, §13, committed within the course and scope of Defendants' employment.

33.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and

COMPLAINT FOR DAMAGES                                                                        - 11 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

punitive damages in an amount to be proven at trial against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER; no punitive damages are sought against the CITY or TELFORD.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM

### (Violation of Civil Rights – California Civil Code §52.1(b))

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, and Does 1 to 100)

34.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

35.     The conduct of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and  Does 1 to 100, as described herein violated California Civil Code §52.1(b) in that Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100 interfered with Plaintiff's exercise and enjoyment of his rights, both Federal and the State of California, as enumerated above (including his right to be free from unreasonable searches and seizures as secured by the California Constitution, Article I, Section 13, the right to protection from bodily restraint, harm, or personal insult as secured by California Civil Code §43), through threats, intimidation and/or coercion and the use of wrongful force and/or arrest.

36.     As a direct and proximate result of said Defendants' violation of Civil Code §52.1(b), Plaintiff suffered violations of his rights, and suffered damages as set forth herein.

37.     Defendant CITY is liable under California Government Code §815.2 for the violation of California Civil Code §52.1(b) committed within the course and scope of Defendants' employment and/or the injuries and damages alleged in ¶14.

38.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants.  No

COMPLAINT FOR DAMAGES                                                                    - 12 –

punitive damages are sought against the CITY.

39.     Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM

### (Assault)

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, and Does 1 to 100)

40.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

41.     Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100 placed Plaintiff in immediate fear of severe bodily harm immediately before physically seizing and battering him without any just provocation or cause.

42.     Plaintiff did not consent to this offensive contact. The conduct of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER was neither privileged nor justified under statute or common law.

43.     Defendant CITY is liable under California Government Code §815.2 for the assault, committed within the course and scope of Defendants' employment.

44.     The conduct of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER legally caused Plaintiff suffering and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CLAIM

### (Battery)

### (Against Defendants CITY, JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100)

45.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

///

46.     Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does to 100, caused an unwanted and harmful touching of Plaintiff's person, resulting in physical and emotional damages.

47.     Plaintiff did not consent to this offensive contact. The conduct of these Defendants was neither privileged nor justified under statute or common law.

48.     Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does to 100, aiding and abetting and/or failure to intervene and/or failure to prevent Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does to 100, acts gives rise to liability on their part.

49.     Defendant CITY is liable under California Government Code §815.2 for the battery, committed within the course and scope of Defendants' employment.

50.     The conduct of these Defendants proximately resulted in Plaintiff's suffering and damages as set forth herein.

51.     Defendants acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiff's rights.  Plaintiff is entitled to exemplary or punitive damages according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHTH CLAIM**

**(False Arrest)**

**(Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, and Does 1 to 100)**

52.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

53.     By the acts of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100, alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.  The false arrest of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

*///*

54.     Defendant CITY is liable under California Government Code §815.2 for the false arrest, committed within the course and scope of Defendants' employment.

55.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶14.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER in their individual capacities.  No punitive damages are sought against the CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CLAIM

### (False Imprisonment)

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, and Does 1 to 100)

56.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

57.     By the acts of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100 alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.  The false imprisonment of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

58.     Defendant CITY is liable under California Government Code §815.2 for the false imprisonment committed within the course and scope of Defendants' employment.

59.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶14.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER in their individual capacities.  No punitive damages are sought against the CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

COMPLAINT FOR DAMAGES                                                - 15 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

**TENTH CLAIM**

**(Intentional Infliction of Emotional Distress)**

**(Against Defendants CITY, JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER,**

**and Does 1 to 100)**

60.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

61.      The conduct of Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100, as set forth herein, was extreme and outrageous, illegal, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiff with attendant physical consequences entitling Plaintiff to damages under California law.  The infliction of emotional distress upon Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

62.      As a result of said Defendants' conduct, as aforesaid, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**ELEVENTH CLAIM**

**(Negligence)**

**(Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY,**

**TELFORD, and Does 1 to 200)**

63.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, TELFORD, and Does 1 to 200, and any and all allegations requesting punitive damages.

64.      At all times herein mentioned Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, CITY, TELFORD, and Does 1 to 200 were subject to a duty of care, while in the exercise of their police duties, to avoid causing unnecessary physical harm and emotional distress to persons.  The conduct of those Defendants, as set forth herein, did not

comply with the standard of care to be exercised by reasonable police officers nor did it comply with DEPARTMENT procedures, and proximately caused Plaintiff to suffer damages as herein set forth, including physical harm and severe mental and emotional distress.

65. Defendants' duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific California state and Federal law obligations:

a. To refrain from using excessive and/or unreasonable force against Plaintiff (Penal Code §§139, 149; Fourth Amendment to the United States Constitution);

b. To refrain from abusing the authority granted to Defendants by law;

c. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above and as otherwise protected by law;

d. To refrain from preparing false reporting of the subject incident so as to falsely arrest and imprison Plaintiff and cause Plaintiff to be subjected to criminal prosecution on knowingly false reported facts (Penal Code §§118.1, 134; Fourth Amendment to the United States Constitution).

66. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendant CITY, TELFORD, and Does 101 to 200 include, but are not limited to, the following:

a. To property and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

b. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including those of Plaintiff;

///

COMPLAINT FOR DAMAGES                                                                 - 17 –

*Herrick v. City of San Bruno, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-00961

c.      To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

67.     Defendant CITY is liable under California Government Code §815.2 for the negligence, committed within the course and scope of Defendants' employment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELFTH CLAIM

### (42 U.S.C. §1983 – Negligent Selection, Training,

### (Retention, Supervision, Investigation, and Discipline)

### (Against Defendants CITY, TELFORD, and Does 101 to 200)

68.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

69.     Defendants CITY, TELFORD, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100 herein so as to avoid unreasonable risk of harm to persons.

70.     Said Defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, Does 1 to 100, and other CITY police officers, as alleged in ¶12-15, 22 and throughout this Complaint.

71.     Notwithstanding this notice, Defendants CITY, TELFORD, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by CITY police officers and Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100.

72.     Said Defendants breached their duty of care to citizens in that they have failed to adequately train Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and

Does 1 to 100, and other CITY police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by Defendants CITY, TELFORD, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against citizens, and violation of the civil rights of citizens by CITY police officers JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100.

73.     The wrongful conduct of these Defendants proximately resulted in Plaintiff's suffering and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRTEENTH CLAIM

### (Conspiracy)

### (Against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100)

74.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

75.     Plaintiff is informed and believes and thereon alleges, that, at all times pertinent hereto, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to commit the wrongs upon Plaintiff as heretofore alleged.

76.     Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of the conspiracy and mutual understanding(s) as alleged herein that violated Plaintiff's civil rights.

77.     Plaintiff is informed and believes and thereon allege that said Defendants, and each of them, furthered their conspiracy by cooperation with or ratification and adoption of the acts of all defendants in carrying out the wrongful, tortious conduct as alleged hereinabove. Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, and HARPER knowingly falsified their reporting of the May 10, 2013 incident in furtherance of the conspiracy to violate Plaintiff's rights including their arrest of Plaintiff, their knowingly meritless factual presentation causing the criminal prosecution of Plaintiff for three counts of alleged violation of Penal Code

§§241(a)(1) and 148(a)(1), and the remaining herein alleged civil rights violations.

78.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered actual, special and general damages.

79.     As alleged herein, Defendants and each of them, acted in a willful, wanton, deliberate, despicable, and oppressive manner with the intent to injure Plaintiff and to cause him harm, such that punitive and exemplary damages are appropriate herein.

80.     Defendant CITY is liable under California Government Code §815.2 for the conspiracy, committed within the course and scope of Defendants' employment.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTEENTH CLAIM

### (Injunctive Relief and Declaratory Relief)

### (Against Defendants CITY, TELFORD, JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 100)

81.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

82.     The continuing pattern, as described above, of Defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of citizens of the City of San Bruno in depriving them of their right to be free from excessive force and depriving them of equal protection of the laws, and in violating their First and Fourth Amendments of the Constitution of the United States and 42 U.S.C. §1983 is enforced by deliberate supervisorial indifference to the officers' foreseeable constitutional consequences. The continued use of these policies, permits and encourages members of the DEPARTMENT to restrain, batter, and to inflict excessive and/or unnecessary force in contravention of the Constitution of the State of California and the Constitution of the United States of America.

83.     Accordingly, unless and until the relief demanded in this Complaint is granted, Plaintiff has reason to believe that his right to be free from excessive force will continue to be threatened and Plaintiff will suffer serious and irreparable injury by the threat of loss of his fundamental Constitutional rights.

84.     Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is his only means of securing complete and adequate relief. No other remedy would offer Plaintiff substantial and complete protection from continuation of Defendants' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh Defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

85.     Plaintiff hereby demands a jury trial in this action.

## INTRADISTRICT ASSIGNMENT

86.     This action arose in the City of San Bruno, County of San Mateo, State of California, and should be assigned to the San Francisco or Oakland Division.  Civil L.R. 3-2(d).

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.     General damages in the amount $1,000,000;

2.     Special damages according to proof at trial;

3.     Punitive damages against Defendants JOHANSEN, REALYVASQUEZ, PERENCIN, HARPER, and Does 1 to 200 in the amount of $200,000 each;

4.     Reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.     Costs of suit incurred herein;

6.     Injunctive relief;

7.     Such other and further relief as the Court may deem just and proper.


Dated: March 3, 2014                    LAW OFFICES OF PANOS LAGOS


                                        /s/PANOS LAGOS
                                        Panos Lagos, Esq.
                                        Attorney for Plaintiff,
                                        DENNIS HERRICK